UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**TERRY ROGER WARREN,**

    **Movant,**

**v.**      CASE NO. 2:09-cr-00009
         CASE NO. 2:10-cv-01115

**UNITED STATES OF AMERICA,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Movant's Motion to Vacate, Set Aside or Correct a Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255 (docket # 39, "Motion"), on September 15, 2010. Movant, Terry Roger Warren ("Defendant"), is serving a sentence of 102 months, upon his guilty plea to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), to be followed by a three-year term of supervised release. (Judgment in a Criminal Case entered September 17, 2009, # 33.) He was also sentenced to pay an assessment of $100. Id. He did not take a direct appeal.

Facts of the Case and Procedural History

The facts are set forth in the Stipulation of Facts attached to his plea agreement. It reads, in pertinent part, as follows:

> On December 17, 2008, the Federal Bureau of Investigation and members of the West Virginia State Police executed a federal search warrant on Terry

Warren's ("defendant") residence in Williamson, Mingo County, West Virginia. Officers found a bag containing suspected cocaine in defendant's front pant pocket. Also found in the house were two sets of digital scales, plastic baggies, baking soda, and approximately $1600.00 in United States currency. The suspected cocaine was sent to the West Virginia State Police lab for testing and tested positive for cocaine weighing 13.8 grams.

In addition to the offense conduct, defendant sold cocaine to confidential informants on November 6, 2008, November 7, 2008, November 11, 2008, November 21, 2008, and December 8, 2008. The cocaine purchased on these occasions tested positive for cocaine weighing a total of 19.39 grams.

(# 27, at 8.)

A federal grand jury indicted Defendant on January 13, 2009 (# 9). He entered his guilty plea on April 13, 2009 (## 24-28).

Grounds for Relief and Positions of the Parties

Defendant raises three grounds for relief:

A.  Ground one: Denial of effective assistance of counsel.
    a.  Did not file a direct appeal to the sentence.
    b.  Had defendant sign a plea agreement that was not understood, and gave up rights of appeal and collateral attack.

B.  Ground two: Overstatement of criminal history.
    a.  An instant offense moved criminal history category from 4 to 6 under the career offender.
    b.  Category 6 means that the point level should have been 13 or more for the defendant to be placed in category 6.

C.  Ground three: Change in crack guidelines.
    a.  One conviction under the 706 and 712 amendment of .250 grams of crack is not a felony drug conviction, because the guideline range would be 6-12 months.

(Motion, # 39, at 4-5.)

The Court directed the United States to file a response to ground one only. (Order entered September 22, 2010, # 44.) The response was filed (# 49), but Defendant did not file a reply.

The United States contends that Defendant has failed to show that he was denied effective assistance of counsel with respect to his understanding of the plea agreement, his waiver of his right to a direct appeal and collateral attack, or his disinterest in an appeal (despite the waiver). (# 49, at 3-7.) Defendant's failure to request that a notice of appeal be filed is established through an affidavit submitted by his court-appointed counsel. (# 50-3.)

## ANALYSIS

An appeal is a direct attack on a conviction or sentence; a § 2255 motion is a collateral attack on a conviction or sentence. Motions under 28 U.S.C. § 2255 "will not be allowed to do service for an appeal." Sunal v. Large, 332 U.S. 174, 178 (1947). Based on this well-established principle, nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings. Stone v. Powell, 428 U.S. 465, 478 n.10 (1976). The Fourth Circuit held, in United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999), that "[i]n order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of

which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack."

To raise constitutionally-based grounds for relief in a § 2255 motion, a defendant has a "significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). He must meet the two-part "cause and actual prejudice" test. Id. at 167-68.

> To obtain collateral relief based on trial errors to which no contemporaneous objection was made, a convicted defendant must show both (1) "cause" excusing his double procedural default, and (2) "actual prejudice" resulting from the errors of which he complains.

Id. at 168. If the defendant fails to meet the actual prejudice prong of the test, it is not necessary to address "cause." Id. Cause for a procedural default can arise only from "something external to the defense," such as the novelty of the claim or ineffective assistance of counsel. Mikalajunas, 186 F.3d at 493.

In United States v. Wiggins, 905 F.2d 51, 53 (4th Cir. 1990), the Fourth Circuit held that "a defendant who pleads guilty, and expressly waives the statutory right to raise objections to a sentence, may not then seek to appeal the very sentence which itself was part of the agreement."

In United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005), the Fourth Circuit noted its prior holding that where the United States seeks enforcement of an appeal waiver, and there is no claim

4

that the United States breached its obligations under the plea agreement, "we will enforce the waiver to preclude a defendant from appealing a specific issue if the record establishes that the waiver is valid and that the issue being appealed is within the scope of the waiver" (citing United States v. Attar, 38 F.3d 727, 731-33 (4th Cir. 1994)). The Blick decision further confirms that the "validity of an appeal waiver depends on whether the defendant knowingly and intelligently agreed to waive the right to appeal." Id. at 169. Such a determination is based on the facts and circumstances surrounding the case. Id.

In United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005), the Fourth Circuit held "that a criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." In evaluating whether a defendant's waiver was knowing and voluntary, the Fourth Circuit further held as follows:

> Thus, in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false."

Id. at 221. [Internal citations omitted.] The Court added that the truth of the sworn statements at the plea hearing "is conclusively established" and a district court should dismiss a § 2255 motion which is based on allegations which contradict the statements at the plea hearing. Id. at 221-22.

**Ground one: Alleged ineffective assistance of counsel**

The Supreme Court addressed the right to effective assistance of counsel in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), in which the Court adopted a two-pronged test. The first prong is competence; movant must show that the representation fell below an objective standard of reasonableness. <u>Id.</u>, at 687-91. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. <u>Id.</u>, at 688-89.

> In order to meet the first prong, movant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

<u>Id.</u>, at 690.

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." <u>Id.</u>, at 694. The court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the claim on the ground of lack of prejudice. <u>Id.</u>, at 697. In the context of a case in which a

6

defendant pled guilty, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Fields v. Attorney General, 956 F.2d 1290 (4th Cir. 1992).

Defendant alleges that he did not understand his plea agreement and its terms in which he waived, with certain exceptions, his right to a direct appeal and collateral attack. The plea agreement provision reads as follows:

> 10. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** The parties reserve the right to appeal the District Court's determination of the adjusted offense level, prior to consideration of acceptance of responsibility, if an objection is properly preserved. Nonetheless, Mr. Warren knowingly and voluntarily waives his right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is below or within the Sentencing Guideline range corresponding to offense level 32. The United States also waives its right to seek appellate review of any sentence of imprisonment or fine imposed by the District Court, or the manner in which the sentence was determined, on any other ground whatsoever including any ground set forth in 18 U.S.C. § 3742, so long as that sentence of imprisonment or fine is within or above the Sentencing Guideline range corresponding to offense level 29.
>
> Mr. Warren also knowingly and voluntarily waives the right to challenge his guilty plea and his conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.
>
> The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a

claim of ineffective assistance of counsel. (# 27, at 4-5.)

At his plea hearing, Defendant was sworn to tell the truth and was found to be competent (he has a master's degree in physical science). (Tr. Plea hrng, # 47, at 2-3.) The plea agreement was read out loud, with colloquy between the presiding District Judge, the Hon. John T. Copenhaver, Jr., and Defendant as to particular provisions. Id. at 8-22. With respect to the waiver of appeal and collateral attack, Defendant assured Judge Copenhaver that he had discussed the provision with his attorney and understood it. Id. at 18-19. As part of those questions, Judge Copenhaver specifically asked, "Do you also understand that if the court sentences you to a point within the advisory sentencing guideline range or below it, that you forever waive your right to appeal that sentence?" and Defendant responded, "Yes." Id. at 18.

Defendant's advisory guideline range was 151 to 188 months in prison (Total Offense Level of 29, Criminal History Category of VI). (Tr. Sent. Hrng, # 48, at 5.) The sentence which was imposed was 102 months. Id. at 20.

In the face of Defendant's testimony during his Rule 11 colloquy, the truth of which is "conclusively established," his allegations in his § 2255 motion are "palpably incredible and patently frivolous or false." "[A] defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong

8

presumption of verity,' because courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. United States v. Bowman, 348 F.3d 408, 417 (4th Cir. 2003)." Lemaster, 403 F.3d at 221-22.

The undersigned proposes that the presiding District Judge **FIND** that Defendant has shown no extraordinary circumstances, that the truth of his sworn statements made during the Rule 11 colloquy are conclusively established, and that Defendant's allegations in his § 2255 motion contradict the sworn statements. The undersigned proposes that the presiding District Judge further **FIND** that Defendant waived his right to appeal his sentence (which was below the advisory guideline range) and to pursue a collateral attack except as to alleged ineffective assistance of counsel, that his attorney did not induce him to enter a guilty plea, that his sworn statements at the plea hearing establish that his guilty plea was entered knowingly and voluntarily, and that Defendant was not denied effective assistance of counsel in relation to the guilty plea. The affidavit from his attorney establishes that Defendant did not request a direct appeal. Thus Defendant's first ground for relief lacks any merit.

### Grounds two and three

As explained with respect to ground one, Defendant knowingly and voluntarily waived his right to challenge his sentence in any collateral attack. Accordingly, the undersigned proposes that the

presiding District Judge **FIND** that Defendant waived grounds two and three.

For the foregoing reasons, it is respectfully **RECOMMENDED** that the presiding District Judge deny Defendant's § 2255 Motion and dismiss this matter.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S.

140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Movant, and to transmit it to counsel of record.

<u>January 14, 2011</u>　　　　　　　　　　　／s／ Mary E. Stanley
　　　Date　　　　　　　　　　　　　　　Mary E. Stanley
　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

11